IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **DENARD DARNELL NEAL,** | ) | **CASE NO. 7:20CV00295** |
| | ) | |
| **Petitioner,** | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **UNITED STATES PENITENTIARY LEE,** | ) | |
| **ET AL.,** | ) | **By: Hon. Glen E. Conrad** |
| | ) | **Senior United States District Judge** |
| **Respondents.** | ) | |

Petitioner Denard Darnell Neal, a federal prisoner proceeding pro se, filed this action as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, regarding disciplinary proceedings. He has now filed a separate motion styled as "Petitioner Order of Protection" under Rule 65 of the Federal Rules of Civil Procedure. Given the nature of his claims, the court construed and docketed this submission as a motion for a preliminary injunction. After review of the record, the court concludes that this motion is appropriately removed from this habeas corpus action and docketed as a separate civil rights complaint under Bivens v. Six Unknown Named Agts. of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), seeking preliminary injunctive relief.

In Neal's § 2241 petition, he asserts that he was deprived of good conduct time without due process related to a disciplinary proceeding. As relief, he seeks expungement of the infraction and restoration of the good conduct time.

In his current Rule 65 motion, however, Neal asserts that employees of the Federal Bureau of Prisons ("BOP") have been "systematically planting . . . drugs and weapons" in his personal property, to justify placing him in the special housing unit ("SHU") and assaulting him. Mot. 3, ECF No. 5. Neal states that he is "a non-combatant, non-violent, non-hostile 57 year old Hebrew Man, who do[es] not possess any drugs or weapons." Id. Neal faults BOP supervisory

officials for failing to protect him against the officers who have framed him, or tried to frame him, for drug and weapons infractions. Neal also alleges that BOP employees have retaliated against him for filing administrative remedies in unspecified ways. Generally, he contends that officers at the United States Penitentiary in Lee County, Virginia ("USP Lee") are particularly hostile toward Black and Hispanic inmates, that the warden told his cell mate to stab him on one past occasion, and that he is thus housed in unsafe conditions that violate the Eighth Amendment. Neal seeks a "one-timed issued order of protection directing" federal officials to provide him a safe living environment by placing him "within the state prison system." Id. at 9, 11.

Neal's claims in the Rule 65 motion (and in portions of his petition), alleging retaliation and safety problems, are not appropriately raised in a § 2241 petition. Such petitions are intended for an inmate's challenge to "the very fact or duration of his physical imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). On the other hand, courts generally agree that an inmate's challenges to the conditions of his confinement are appropriately raised not in a § 2241 petition, but in a civil rights action under Bivens (establishing cause of action for damages when federal officer acting under color of federal authority violates plaintiff's constitutional rights). See, e.g., Rodriguez v. Ratledge, 715 F. App'x 261, 265-66 (4th Cir. 2017) (unpublished) (finding transfer to supermax prison was a conditions of confinement claim improperly raised in § 2241 petition), cert. denied, No. 17-8768, 2018 WL 2064983 (2018); Braddy v. Wilson, 580 F. App'x 172, 173 (4th Cir. 2014) (unpublished) (deciding that when petitioner alleged constitutional violations "regarding only the conditions of his confinement," not the fact or duration of his sentence, his claims were properly brought under Bivens, and not

in § 2241 petition); Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005) (holding that filing a § 2241 challenge to a condition of confinement was improper).

Neal's initial claims in this action, alleging the wrongful deprivation of his good conduct time during disciplinary proceedings, are cognizable § 2241 claims, because they challenge the duration of his confinement as impacted by the disallowance of his earned good conduct time. See Rodriguez, 715 F. App'x at 265 ("Section 2241 habeas petitions are appropriate when an inmate seeks to challenge 'the very fact or duration of his physical imprisonment.'") (quoting Preiser, 411 U.S. at 500).  Conversely, Neal's claims in the separate motion for interlocutory relief essentially assert that BOP officials have failed to protect him from staff who seek to frame him for new disciplinary charges for retaliatory motives.  These claims do not directly challenge the length of Neal's term of confinement or seek correction of the calculation of that term, as do his habeas claims.  Therefore, the court concludes that these claims are not appropriately raised in this § 2241 action and will not construe them as an amendment to that action.  See Braddy, 580 F. App'x at 173.

Instead, the court will construe and docket Neal's present motion as a new separate civil action raising civil rights claims under Bivens.  See Farabee v. Clarke, __F.3d__, No. 18-6648, 2020 WL 4197527, at *12 n. 10 (4th Cir. July 22, 2020) (noting that where court concludes claim is not cognizable in habeas proceedings, court may sua sponte construe and address claims filed in habeas action that attack conditions of confinement as civil rights claim) (citing Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (per curiam)).  An appropriate order will issue herewith.

The clerk will send copies of this order to the plaintiff and to the Office of the United States Attorney for the Western District of Virginia.

**ENTER**: This 27th day of July, 2020.

                                                Senior United States District Judge