# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DENARD DARNELL NEAL,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:20CV00295 |
| ) | |
| v. ) | **OPINON AND ORDER** |
| ) | |
| **UNITED STATES PENITENTIARY** ) | JUDGE JAMES P. JONES |
| **LEE, ET AL.,** ) | |
| ) | |
| Respondents. ) | |

*Denard Darnell Neal*, Pro S Petitioner; *Krista C. Frith*, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Respondents.

Denard Darnell Neal, a federal inmate, filed this pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking judicial review of a disciplinary proceeding that resulted in the loss of good conduct time. Now before me is the magistrate judge's Report and Recommendation (Report) containing findings of fact and conclusions of law regarding Neal's remaining claims and his pending motion seeking sanctions.* No party has filed timely objections. After

---

* Neal identifies as Respondents "United States Penitentiary Lee, Warden Streeval, et al." Pet. 1, ECF No. 1. Neal filed the petition while incarcerated at that facility, also known as USP Lee. The Warden alone is the appropriate respondent in this action. 28 U.S.C. § 2241; *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (finding proper respondent for habeas petition is petitioner's immediate custodian). Neal has since been transferred to a different Bureau of Prisons facility. When the "Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court [where the petitioner filed a petition] retains jurisdiction." *Id.* at 441.

review of the record, I will adopt the Report and dismiss the Petition in part and grant it in part. As relief, I will order Respondent to vacate the disciplinary conviction and restore the forfeited good conduct time and require rehearing or dismissal of the disciplinary charge within 60 days. I will also deny Neal's request for sanctions as recommended in the Report.

I will briefly summarize the facts related to Neal's claims. While Neal was incarcerated at USP Lee, located in this judicial district, he was charged in Incident Report No. 3280608 with possession of a weapon. Mem. Supp. Mot. Dismiss Ex. 1, Spearen Decl. Attach. B, ECF No. 16-3. The Incident Report states that on July 18, 2019, during a search of the cell Neal shared with another inmate, officers discovered a sharpened piece of steel in Neal's secured locker inside some of his legal paperwork. A disciplinary hearing officer (DHO) found that Neal had committed the infraction as charged and sanctioned him with forfeiture of 41 days of good conduct time and other penalties.

After exhausting his remaining administrative remedies, Neal filed the present Petition. I granted Respondent's Motion to Dismiss in part and denied it in part and referred the remaining claims to the magistrate judge. Neal's remaining claims assert that the DHO deprived Neal of due process during the disciplinary

---

Accordingly, I have jurisdiction to address Neal's claims, and I will direct the Clerk to amend the docket to reflect that Warden Streeval of USP Lee is the sole Respondent.

proceedings by refusing to view certain surveillance camera footage from his housing unit. *Lennear v. Wilson*, 937 F.3d 257, 262 (4th Cir. 2019) (holding as a matter of first impression that "inmates at risk of being deprived of a liberty interest, like good time credits, have a qualified right to obtain and present video surveillance evidence" during prison disciplinary proceedings). Neal claims that footage at the time of search would corroborate his allegation that the officers left his cell without a weapon in their hands. In a second claim, he asserts that footage of the time he was served with the Incident Report would show that an officer did not stop to talk with him, thus refuting the officer's claim that Neal had admitted possession of the weapon.

Based on the evidence presented, the magistrate judge recommends that because Neal did not make a timely request for the DHO to review the footage that occurred at the time Neal was served with the Incident Report, there was no due process violation. The magistrate judge did find that Neal had timely requested that the DHO review the footage that occurred at the time of the cell search and that the DHO's failure to do so was not harmless error. The parties have not objected to the Report. I will adopt the Report in its entirety as to its recommended findings of fact and conclusions of law.

In adopting the Report, I conclude that because Neal did not make a timely request for the DHO to review surveillance camera footage from Neal's housing unit

showing the service of the Incident Report, no due process violation occurred regarding this footage. Therefore, I will dismiss Neal's Petition with prejudice as to this claim.

However, in accord with the Report, I conclude that because Neal did make a timely request for the DHO to review surveillance camera footage from Neal's housing unit at the date and time when his cell was searched and because the DHO's refusal to view that footage was not harmless error, a due process violation occurred. Therefore, as to this claim, I will grant Neal's Petition, order the disciplinary conviction to be vacated and the forfeited good conduct time to be restored, and direct Respondent to have the charge in Incident Report 3280608 reheard within sixty days or to dismiss the charge.

I am aware that the relief I can grant in this case is not the relief Neal seeks in his Petition. He wants "a court order directing the [BOP] to totally and completely expunge incident report no. 3280608, and restore [his] 41-days loss of good time." Pet. 29, ECF No. 1. He states that "under no circumstances" does he "desire a DHO rehearing in this matter." *Id.* But I cannot find that Neal's desired relief is warranted in this case.

"Generally speaking, 'procedural errors are cured by holding a new hearing in compliance with due process requirements.'" *Rojas v. Driver*, No. 5:06CV88, 2007 WL 2789471, at *4 (N.D.W. Va. Sept. 24, 2007), *aff'd*, 267 F. App'x 302 (4th

Cir. 2008) (unpublished) (quoting *Batanic v. Immigr. and Naturalization Serv.*, 12 F.3d 662, 667 (7th Cir. 1993) (deportation hearing context); *see also Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 588 (E.D. Va. 2016) "[T]he typical remedy for a violation of due process . . . is more process" through a rehearing) (university disciplinary context); *Furey v. Temple Univ.*, 884 F.Supp.2d 223, 261 (E.D. Pa. 2012) (ordering reinstatement unless the wrongfully expelled student is afforded a new hearing that comports with due process).  Granting a full rehearing on the Incident Report, to the extent possible, "put[s] the parties into the position they would have been had no procedural error taken place."  *Batanic,* 12 F.3d at 667.  Only in rare situations, such as when a habeas petitioner proves a lack of evidence to support the guilty finding, could the court expunge that finding without permitting a rehearing of the charge.  *See, e.g., Tyler v. Hooks*, 945 F.3d 159, 170-73 (4th Cir. 2019).

   I cannot find that Neal's circumstance falls into that rare category where a rehearing is not the appropriate remedy.  The DHO in Neal's case had testimonial evidence to support a guilty finding on the weapon possession charge.  The officers reported finding the weapon in Neal's secured locker hidden in legal papers bearing his name, and an investigator reported Neal had claimed possession of the weapon.  The photograph of the object supported the finding that it qualified as a weapon for purposes of the charge.  I also find no indication that the DHO *knowingly* violated

due process or otherwise acted in bad faith when he refused to review the video. The hearings on Incident Report No. 3280608 occurred on August 7 and 14, 2019, before the *Lennear* decision was issued on August 23, 2019. 937 F.3d 257. And the DHO gave a reasoned explanation for his refusal — it is undisputed that the video would not show the discovery of the weapon that occurred inside Neal's cell. Based on the foregoing, I conclude that Respondent is appropriately granted the option to rehear the weapon charge or dismiss it within a sixty-day period.

Neal's separate sanctions motion seeks entry of summary judgment in his favor based on what he claims was the purposeful theft of portions of his legal materials intended to prevent him from effectively litigating his § 2241 petition. The motion asserts that after he was transferred from USP Lee to another prison, he received only five of his seven boxes of personal property. During a hearing before the magistrate judge, however, Neal testified that his personal property was packed in only six boxes when he left USP Lee. The Report recommends finding that "[w]hile a box of Neal's property containing legal material was irretrievably lost in transit, there is no evidence that the respondents or respondents' counsel was responsible for the loss of this box of property." Report 16, ECF No. 74. On that finding, the Report recommends denying Neal's sanctions motion. The parties have not objected to the Report, and I am satisfied that there is no clear error on the face of the record. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th

Cir. 2005). Therefore, I will adopt the Report in its entirety as to its recommended finding and disposition regarding Neal's sanctions motion.

For the stated reasons, it is hereby **ORDERED** as follows:

1. The Clerk will amend the docket to reflect that the sole Respondent is Warden Streeval;

2. The Report and Recommendation of the magistrate judge, ECF No. 74, is ADOPTED in its entirety;

3. Neal's Sanctions Motion, ECF No. 57, is DENIED;

4. The Petition is DISMISSED WITH PREJUDICE as to Neal's claim that the DHO deprived him of due process by refusing to review surveillance camera footage from Neal's housing unit at the date and time when he was served with the Incident Report;

5. The Petition is GRANTED as to Neal's claim that the DHO deprived him of due process by refusing to review surveillance camera footage from his housing unit at the date and time that officers searched his cell;

6. Respondent must, within 60 days from the entry of this Opinion and Order, vacate the finding of guilty on Neal's disciplinary charge, Incident Report No. 3280608, restore the good conduct time forfeited as a result of the finding of guilty, and conduct a new disciplinary hearing on this charge or dismiss the charge; and

-8-

7.  A separate judgment will be entered herewith.

                                    ENTER:   August 2, 2022

                                    /s/  JAMES P. JONES
                                  Senior United States District Judge